O’Neall, J.
delivered the opinion of the Court.
. It is true, that by the act of 1815, the legislature provided, that the interest, on contracts, which bore interest, might, after- judgment, be collected by execution; but this was not intended to alter the common law rule, that in an action of debt on a judg- *80 toerif interest should be recovered, by way of dama-oes i'°r the detention of the debt. It was the crea-tion of a new and additional remedy, whereby the creditor might, in one class of judgments, recover his interest, without being driven to an original action.
In this state, ever since the case of Lamkin v. Nance, the rule has been regarded as settled, that in an action of debt, on a judgment, the plaintiff was intitled to interest. In Cohen v. Thomson, 2 Con. Rep. (Mill.) 148, the distinction was drawn between a scieri facias and an action of debt; that in the former, interest could not be recovered, while in the latter it could. In the language of Johnson, J. (150) who delivered the opinion “in an action of debt, which, on that account, is to be preferred, there can be no question, that he is entitled to recover interest.” In Fishbourne v. Saunders, 1 N. & M’C. 242, Cheves, J. says “ the general rule is clear, that interest is recoverable, by way of damages for a detention of the debt.” The same principle was affirmed by Nott, J. in the case of Norwood v. Manning, 2 N. & M’C. 395. In none of these cases, was the distinction taken between judgments on contracts, which bore interest, and those which did not. It is perfectly clear, that in the action of debt on judgment, no such distinction exists; and that it was created by the act of 1815, and applies, strictly, to cases, in which the interest, as well as the debt, is collected by execution. To sustain the position, that there is no such distinction, it is only necessary to refer to the case of Smith v. Vanderhorst, 1 N. & M’C. 328. The case was an action of debt on a judgment on the penalty of a bond ; in such a case, before judgment, it is perfectly clear, that interest beyond the penalty is not generally recoverable. The penalty is not such a contract as will bear interest; but still in the case to which 1 have referred, it was held that the plaintiff was entitled to recover interest, on the judgment.— Mr. Justice Gantt, who delivered the opinion, says: But when a judgment has been recovered in an ac- *81 lion on the bond, the nature of the demand is altered, the judgment is rendered for a fixed sum, to wit, the penalty; the obligor has it in his power, at all times, to discharge the debt, before it reaches the amount of the penal sum; but if he fails to do so, till the interest amounts thereto, the sum for which the judgment was rendered, becomes the actual debt due, and if payment is longer delayed, to the injury of the plaintiff, he is entitled to interest, by way of damages, for the detention.” In the case before us, “ the nature of the demand,” the book account on which the action was originally brought, “was alteredby the rendition of the judgment,” which is for a sum certain, then ascertained to be due to the plaintiffs, and ordered to be paid by the defendant. It is under this view, clearly, such a demand as, for the detention of which, the plaintiff may demánd damages, as well as if, originally, it had been an interest-bearing contract.
It is possible that some imperfect account of two cases, decided in Charleston, last February, may have given rise to the error in this case. Judgments, in those eases, had been recovered ; in one, I think, on the penalty of a bond, and in the other, on account. They had remained until the interest on one had exceeded the penalty, and in the other, it amounted to a considerable sum; the defendants, before action brought, paid the sums for which the judgments were rendered. The Court held that as the predicates of the actions, the judgments, were discharged before action brought, that the plaintiffs could not recover interest. For no debt remained to them, which they could demand, and, of course, damages for the detention of that which did not exist, could not be awarded.

The motion for a new trial is granted.

.TohnsoN & Harper, Js. concurred.